FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

2011 APR 22 P 1:08

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

| | |
|---|---|
| RAYMOND J. KLOTZ, JR., EDWARD FLEISHER, and GERALD BURCH, JR., <br><br> Plaintiffs, <br><br> v. <br><br> COMMONWEALTH OF VIRGINIA, KENNETH T. CUCCINELLI, II, VIRGINIA BOARD OF ELECTIONS, CHARLES JUDD, KIMBERLY BOWERS, and DON PALMER, <br><br> Defendants. | Civil Action No. 3:11CV264 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendants the Commonwealth of Virginia, Kenneth T. Cuccinelli, II, the Virginia Board of Elections (a/k/a Virginia State Board of Elections or "SBE"), Charles Judd, Kimberly Bowers, and Don Palmer (collectively referred to as "Defendants"), by counsel, remove this action from the Circuit Court of the County of Hanover, Virginia, where it is currently pending, to the United States District Court for the Eastern District of Virginia, Richmond Division. In support of that removal, Defendants state as follows:

1. Defendants exercise their rights under the provisions of 28 U.S.C. §§ 1331, 1367, 1441, and 1446 to remove this case from the Circuit Court of the County of Hanover, Virginia. This case is now pending under the name *Klotz, et al., v. Commonwealth of Virginia, et al.*, Case No. CL11000638-00.

2. 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3. On or about March 25, 2011 Raymond J. Klotz, Jr., Edward Fleisher and Gerald Burch, Jr. (collectively referred to as "Plaintiffs") filed a complaint against the SBE, Charles, Judd, Kimberly Bowers, and Don Palmer. The SBE, Charles Judd, Kimberly Bowers, and Don Palmer first received the initial pleading and summons on April 18, 2011. In his statutory role as counsel for the SBE pursuant to Va. Code § 2.2-507, Kenneth T. Cuccinelli, II, the Attorney General of Virginia, also first became aware of the initial complaint when it was first received by the SBE, Charles Judd, Kimberly Bowers, and Don Palmer on April 18, 2011. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the SBE, Charles, Judd, Kimberly Bowers, and Don Palmer on April 18, 2011 are attached as Exhibit A.

4. On or about April 19, 2011, Plaintiffs sought leave in the Circuit Court of the County of Hanover, Virginia to amend their initial Complaint. Leave to amend the allegations and to add the Commonwealth of Virginia and Kenneth T. Cuccinelli, II, was granted by Order of the Circuit Court of the County of Hanover, Virginia on April 19, 2011. However, none of the Defendants were served with or otherwise provided a copy of said Order. A copy of the "Pleadings/Order Detail" for the case available from the Virginia Courts Case Information System is attached as Exhibit B.

5. On or about April 20, 2011, Defendants were served with Plaintiff's Amended Complaint in this action. The Defendants first received the amended pleading and summons on April 20, 2011. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants on April 20, 2011 are attached as Exhibit C.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the Defendants related to this case at any time are attached as Exhibits A and C.

7. Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after Defendants received a copy of the Summons and Complaint and/or the Summons and the Amended Complaint, the initial pleadings setting forth the claims for relief on which this removal is based.

8. The United States District Court for the Eastern District of Virginia, Richmond Division embraces Hanover County, in which the state court action is now pending, and is therefore a proper venue for this action.

9. No previous application has been made for this relief.

10. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of the County of Hanover, Virginia.

11. In accordance with 28 U.S.C. § 1446(d), Defendants will give written notice of the filing of this Notice of Removal upon Plaintiffs through their attorney of record, R. Craig Evans.

12. In filing this Notice of Removal, Defendants do not waive any, and specifically reserve all, defenses, exceptions, rights, and motions. No statement or omission in this Notice shall be deemed an admission of any of the allegations of either the Complaint or the Amended Complaint.

13. As more fully set forth below, this case falls within the original jurisdiction of this Court, and thus, is properly removed to this Court because it is a "civil action arising under the Constitution, laws or treaties of the United States" pursuant to 28 U.S.C. § 1331.

## JURISDICTION PURSUANT TO 28 U.S.C § 1331

14. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

15. Both the initial Complaint and the Amended Complaint are civil actions "arising under the Constitution, laws and treaties of the United States."

### A. Initial Complaint

16. Specifically, in the initial Complaint, Plaintiffs assert that they are entitled to relief because they are being denied "Equal Protection of the Laws and Due Process of Law . . . ."[1] *See* Complaint, Par. 3.

17. Plaintiffs also claim in the initial Complaint that they are entitled to relief related to the drawing of legislative districts because they believe the current legislative districts are drawn in "violation of the Fifth and Fourteenth Amendments to the United States Constitution." *See* Complaint, Par. 8.

18. Plaintiffs also assert in the initial Complaint that they are entitled to relief because of "the rights conferred by the above provisions of the United States Constitution . . ." *See* Complaint, Par. 10.

19. Plaintiffs further assert in the initial Complaint that they are entitled to relief based on their belief that the "Legislature of the Commonwealth of Virginia will not pass a law reapportioning itself in conformity with the United States Constitution . . ." and further notes that this has implications for their case because of "the preclearance process under the Voting Rights Act," 42 U.S.C. §§ 1973, *et seq. See* Complaint, Par. 15 and 30. *See also* Par. 33.

---

[1] This has to be a reference to the Constitution of the United States because the Virginia Constitution does not contain an equal protection clause.

4

20. Clearly, the initial Complaint is a "civil action arising under the Constitution, laws or treaties of the United States" pursuant to 28 U.S.C. § 1331, and thus, is removable pursuant to 28 U.S.C. § 1441.

**B. Amended Complaint**

21. Similarly, the Amended Complaint is also a "civil action arising under the Constitution, laws or treaties of the United States" pursuant to 28 U.S.C. § 1331.

22. Specifically, in the Amended Complaint, Plaintiffs assert that they are entitled to relief because they are being denied "Equal Protection of the Laws and Due Process of Law . . . ."[2] See Amended Complaint, Par. 3.

23. Plaintiffs also claim in the Amended Complaint that they are entitled to relief related to the drawing of legislative districts because they believe the current legislative districts are drawn in "violation of the Fifth and Fourteenth Amendments to the United States Constitution." See Amended Complaint, Par. 8.

24. Plaintiffs also assert in the Amended Complaint that they are entitled to relief because of the "the rights conferred by the above provisions of the United States Constitution . . ." See Amended Complaint, Par. 10.

25. Plaintiffs further assert in the Amended Complaint that they are entitled to relief based on their belief that the "Legislature of the Commonwealth of Virginia will not pass a law reapportioning itself in conformity with the United States Constitution . . ." and further notes that this has implications for their case because of "the preclearance process under the Voting Rights Act," 42 U.S.C. §§ 1973, et seq. See Amended Complaint, Par. 15 and 30. See also Par. 33.

---

[2] This has to be a reference to the Constitution of the United States because the Virginia Constitution does not contain an equal protection clause.

5

26. Clearly, the Amended Complaint is a "civil action arising under the Constitution, laws or treaties of the United States" pursuant to 28 U.S.C. § 1331, and thus, is removable pursuant to 28 U.S.C. § 1441.

**WHEREFORE** Defendants hereby remove this case from the Circuit Court of the County of Hanover, Virginia, where it is now pending, to this Court.

Dated: April 22, 2011

Respectfully Submitted,

COMMONWEALTH OF VIRGINIA,
KENNETH T. CUCCINELLI, II,
VIRGINIA BOARD OF ELECTIONS,
CHARLES JUDD, KIMBERLY BOWERS,
and DON PALMER,

By: *E. Duncan Getchell, Jr.* /s/
E. Duncan Getchell, Jr.
Solicitor General of Virginia
(VSB# 14156)
dgetchell@oag.state.va.us
Wesley G. Russell, Jr.
Deputy Attorney General
(VSB# 38756)
wrussell@oag.state.va.us
Stephen R. McCullough
Senior Appellate Counsel
(VSB# 41699)
smccullough@oag.state.va.us

**OFFICE OF THE ATTORNEY GENERAL**
900 East Main Street
Richmond, VA 23219
(804) 786-2436 (Phone)
(804) 786-1991 (Facsimile)

## CERTIFICATE

I hereby certify that, pursuant to 28 U.S.C. §1446(d), I have, this 22nd day of April, 2011, provided written notice of this Notice of Removal to all adverse parties by mailing, by First Class, U.S. Mail, postage prepaid, a copy of same to counsel of record for Plaintiffs at the following address:

> R. Craig Evans, Esq.
> McCaul, Martin, Evans & Cook, P.C.
> 8122 Mechanicsville Pike
> P.O. Box 279
> Mechanicsville, VA 23111

_____
E. Duncan Getchell, Jr.
Solicitor General of Virginia
(VSB# 14156)
dgetchell@oag.state.va.us
Wesley G. Russell, Jr.
Deputy Attorney General
(VSB# 38756)
wrussell@oag.state.va.us
Stephen R. McCullough
Senior Appellate Counsel
(VSB# 41699)
smccullough@oag.state.va.us

**OFFICE OF THE ATTORNEY GENERAL**
900 East Main Street
Richmond, VA 23219
(804) 786-2436 (Phone)
(804) 786-1991 (Facsimile)