# COMMONWEALTH OF VIRGINIA



HANOVER CIRCUIT COURT
Civil Division
7507 LIBRARY DR/PO BOX 39
HANOVER VA
(804) 537-6143

Summons

To: THE HONORABLE
KENNETH T. CUCCINELLI, II
ATTORNEY GENERAL OF THE
COMMONWEALTH OF VIRGINIA
900 E. MAIN STREET
RICHMOND VA 23219

Case No. 085CL11000638-00

The party upon whom this summons and the attached ~~complaint~~ Amended are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, April 20, 2011

Clerk of Court: FRANK D. HARGROVE JR.

by _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:  EVANS, R CRAIG
804-746-3773



EXHIBIT
C

VIRGINIA:

## IN THE CIRCUIT COURT OF THE COUNTY OF HANOVER

RAYMOND J. KLOTZ, JR.

and

EDWARD FLEISCHER

and

GERALD BURCH, JR.

RECEIVED and/or FILED

APR 1 9 2011

CLERK'S OFFICE
HANOVER CIRCUIT COURT

Plaintiffs,

CL11000638-00

v.

COMMONWEALTH OF VIRGINIA

and

KENNETH T. CUCCINELLI, II, Attorney General of the Commonwealth of Virginia

and

VIRGINIA BOARD OF ELECTIONS

and

CHARLES JUDD, Chairman of the Virginia Board of Elections

and

KIMBERLY BOWERS, Vice-Chairman of the Virginia Board of Elections

and

DON PALMER, Secretary of the Virginia Board of Elections

Defendants.

1

## AMENDED COMPLAINT

Comes now the plaintiffs, by counsel, and for their Complaint against the defendants state as follows:

## JURISDICTION

1.    This Court has subject matter jurisdiction pursuant to § 17.1-513 of the Code of Virginia (1950), as amended.

2.    Plaintiffs are citizens and qualified voters of the United States of America and of the Commonwealth of Virginia. Plaintiff RAYMOND J. KLOTZ, JR. resides in Hanover County, Virginia, in Congressional District 7, Senate District 4, and House District 55. Plaintiff EDWARD FLEISCHER resides in Hanover County, Virginia, in Congressional District 7, Senate District 4, and House District 55. Plaintiff GERALD BURCH, JR. resides in Hanover County, Virginia, in Congressional District 7, Senate District 4, and House District 97.

3.    Plaintiffs bring this action individually and as representatives of all of the citizens of the Commonwealth of Virginia who are similarly situated, as being currently denied Equal Protection of the Laws and Due Process of Law, as further alleged herein.

4.    COMMONWEALTH OF VIRGINIA and KENNETH T. CUCCINELLI, II, Attorney General of the Commonwealth of Virginia, have the responsibility of enforcing the Constitution of Virginia and the laws of the Commonwealth of Virginia. Kenneth T. Cuccinelli, II, is being sued in his official capacity.

2

5. Defendant VIRGINIA STATE BOARD OF ELECTIONS has the responsibility under Virginia law to carry out elections throughout the state.

6. Defendant CHARLES JUDD is the Chairman of the Virginia State Board of Elections. Defendant KIMBERLY BOWERS is the Vice-Chairman of the Virginia State Board of Elections, and Defendant DON PALMER is the Secretary of the Virginia State Board of Elections. All are being sued in their official capacities.

## COUNT I

## LEGISLATIVE MALAPPORTIONMENT

6. This case arises under Article 1, Section 1, of the Constitution of the Commonwealth of Virginia which provides in pertinent part:

> "That all men are by nature equally free and independent and have certain inherent rights, of which, when they enter into a state of society, they cannot, by any compact, deprive or divest their posterity; namely, the enjoyment of life and liberty, with the means of acquiring and possessing property, and pursuing and obtaining happiness and safety."

A state statute and/or court order which enforces or effects an apportionment which invidiously discriminates against citizens in highly populous legislative districts and prefers other voters in the least populous legislative districts violates the above quoted constitutional provision

7. This case also arises under Article I, Section 11 of the Constitution of the Commonwealth of Virginia which provides in pertinent part: "No person shall be deprived of life, liberty or

3

property without due process of law."

8.     The current Virginia legislative apportionment system established by Chapter 1 of the 2001 special session, and by Chapter 2 of the 2001 special session, effects a legislative apportionment which invidiously discriminates against citizens in the most highly populous legislative districts, including plaintiffs', and prefers other citizens in the least populous legislative districts in violation of the Fifth and Fourteenth Amendments to the United States Constitution

9.     This case also arises under Article II, Section VI of the Constitution of Virginia, which provides, as amended in 2004:

> Members of the House of Representatives of the United States and members of the Senate and of the House of Delegates of the General Assembly shall be elected from electoral districts established by the General Assembly. Every electoral district shall be composed of contiguous and compact territory and shall be so constituted as to give, as nearly as is practicable, representation in proportion to the population of the district. The General Assembly shall reapportion the Commonwealth into electoral districts in accordance with this section in the year 2011 and every ten years thereafter.

10.     Plaintiffs are citizens of the United States and of the Commonwealth of Virginia and have the rights conferred by the above provisions of the United States Constitution and the Virginia Constitution to have the entire membership of the Virginia Legislature apportioned and elected on the basis of the 2010 Federal Census.

11.     The intent and the purpose of the above referenced provisions of the Virginia

4

Constitution is to require that the members of the Virginia General Assembly be elected by the people of the Commonwealth of Virginia on a basis of equal representation of the individual citizens of the state. Therefore, all Virginia State Senators and Delegates must be equally apportioned throughout the state in districts which are arranged in population according to the number of inhabitants thereof as shown by the 2010 Federal Census

12.     On information and belief, the United States Federal Census taken as of April 2010 shows that the Virginia legislative districts as established by Chapters 1 and 2 of the 2001 special session are now unequally apportioned; that despite the compilation of said Census the Commonwealth of Virginia has failed and neglected, and unless otherwise ordered, will continue to fail and neglect to reapportion the legislative districts in the Commonwealth of Virginia; and that the present apportionment of the state legislative districts is no longer based upon any logical or reasonable formula but is arbitrary and capricious.

13.     Based upon the April 2010 Federal Census, the ideal population for each Virginia House of Delegates district is 80,010. The ideal population for each Virginia State Senate district is 200,026.

13.     These Plaintiffs are residents, citizens and voters of certain legislative districts in the State of Virginia, whose populations have changed since the last census.

14.     The unequal population of the Virginia House of Delegates districts and the Virginia State Senate districts deprives plaintiffs and all other citizens of the highly populated districts of the rights guaranteed to them by the above quoted provisions of the Virginia Constitution.

15.     On April 15, 2011, the Governor of Virginia vetoed the Legislature of the

5

Commonwealth of Virginia's plan of redistricting; the plaintiffs are informed and believe and, therefore, allege that the Legislature of the Commonwealth of Virginia will not pass a law reapportioning itself in conformity with the United States Constitution and the Constitution of Virginia during the 2011 Special Session; and the preclearance process under the Voting Rights Act will take significant time to proceed before any plan will be in force and effect. The plaintiffs further allege on information and belief that the defendants intend to and will, unless sooner restrained by an order of this Court, conduct the election for the 2012 Virginia General Assembly during the year 2011 on the basis of the senatorial and representative districts determined by Chapter 1 and 2 of the 2001 special session and that until there is a legislative reapportionment, defendants will continue to do so in subsequent elections for members of the Virginia General Assembly.

16.     Plaintiffs further allege that they intend to and will vote in the state primary and general elections to be held in 2011 and thereafter for candidates for Virginia State Senate and Virginia House of Delegates; and that said elections conducted in accordance with Chapter 1 and 2 of the 2001 special session will continue to deprive plaintiffs of their rights guaranteed under the Constitution of Virginia.

17.     In the absence of reapportionment of the legislative districts of the Commonwealth of Virginia in conformance with the Virginia Constitution, any action of the defendants in conducting an election of the members of the Virginia General Assembly in accordance with the districts ordered by Chapters 1 and 2 of the 2001 special session will continue to deprive plaintiffs of their constitutional rights in that:

        (a)     They are and will be arbitrarily deprived of their liberty and property

6

without Due Process of Law, and are and will be arbitrarily deprived of the Equal Protection of the Laws in violation of the Constitution of Virginia.

(b)     They are and will be in substantial measure, disenfranchised and deprived of their rights and privileges, all in violation of Article II, Section I of the Virginia Constitution.

(c)     Their right to vote, as guaranteed by Article II, Section I of the Virginia Constitution, is and will continue to be abridged, diluted and infringed.

18.   By reason of the failure of the Legislature of the Commonwealth of Virginia to reapportion the legislative districts of the state in conformity with the Virginia Constitution, thus violating the above cited constitutional rights of these plaintiffs and of all other members of the class of citizens and voters whom they represent, a justiciable controversy exists.

## COUNT II

## CONGRESSIONAL REDISTRICTING

19.   Plaintiffs reallege paragraphs 1 through 4 hereof.

20.   This case arises under the Article 1, Section 1, of the Constitution of the Commonwealth of Virginia which provides in pertinent part:

"That all men are by nature equally free and independent and have certain inherent rights, of which, when they enter into a state of society, they cannot, by any compact, deprive or divest their posterity; namely, the enjoyment of life and liberty, with the means of

7

acquiring and possessing property, and pursuing and obtaining happiness and safety."

A state statute and/or court order which enforces or effects an apportionment which invidiously discriminates against citizens in highly populous legislative districts and prefers other voters in the least populous legislative districts violates the above quoted constitutional provision.

21.     This case also arises under Article I, Section 11 of the Constitution of the Commonwealth of Virginia which provides in pertinent part: "No person shall be deprived of life, liberty or property without due process of law."

22.     The current Virginia Congressional apportionment system established by Chapter 7 of the 2001 special session, effects a legislative apportionment which invidiously discriminates against citizens in the most highly populous legislative districts, including plaintiffs', and prefers other citizens in the least populous legislative districts in violation of the Virginia Constitution.

23.     This case also arises under Article II, Section VI of the Constitution of Virginia, which provides, as amended in 2004:

> Members of the House of Representatives of the United States and members of the Senate and of the House of Delegates of the General Assembly shall be elected from electoral districts established by the General Assembly. Every electoral district shall be composed of contiguous and compact territory and shall be so constituted as to give, as nearly as is practicable, representation in proportion to the population of the district. The General Assembly shall reapportion the Commonwealth into electoral districts in accordance with this section in the year 2011 and every ten years thereafter.

24.     Plaintiffs are citizens of the United States and of the Commonwealth of Virginia and have

8

the rights conferred by the above provisions of the Constitution of Virginia to have the U.S. Congressional districting in Virginia apportioned and elected on the basis of the 2010 Federal Census.

25.     The intent and the purpose of the above referenced provisions of the Virginia Constitution is to require that the members of the U.S. House of Representatives from Virginia be elected by the people of the Commonwealth of Virginia on a basis of equal representation of the individual citizens of the state. Therefore, all congressional districts must be equally apportioned throughout the state in districts which are arranged in population according to the number of inhabitants thereof as shown by the 2010 Federal Census.

26.     On information and belief, the United States Federal Census taken as of April 2010 shows that the Virginia congressional districts as established by Chapter 7 of the 2001 special session are now unequally apportioned; that despite the compilation of said Census the Commonwealth of Virginia has failed and neglected, and unless otherwise ordered, will continue to fail and neglect to reapportion the legislative districts in the Commonwealth of Virginia; and that the present apportionment of the state congressional districts is no longer based upon any logical or reasonable formula but is arbitrary and capricious.

27.     Based upon the April 2010 Federal Census, the ideal population for each Virginia congressional district is 727,366.

28.     These plaintiffs are residents, citizens and voters of certain congressional districts in the State of Virginia, the population of which has changed since the last Federal Census.

29.     The unequal population of the Virginia congressional districts deprives plaintiffs and all

other citizens of the highly populated districts of the rights guaranteed to them by the above quoted provisions of the Virginia Constitution.

30.     The plaintiffs are informed and believe and, therefore, allege that the Legislature of the Commonwealth of Virginia will not pass a law reapportioning congressional districts in conformity with the United States Constitution and the Constitution of Virginia during the 2011 Special Session; and the preclearance process under the Voting Rights Act will take significant time to proceed before any plan will be in force and effect. The plaintiffs further allege on information and belief that the defendant intends to and will, unless sooner restrained by an order of this Court, conduct the election for the 113th Congress during the year 2012 on the basis of the congressional districts determined by Chapter 7 of the 2001 special session and that until there is a congressional reapportionment, defendants will continue to do so in subsequent elections for members of the Virginia General Assembly.

31.     Plaintiffs further allege that they intend to and will vote in the state primary and general elections to be held in 2012 and thereafter for candidates for U.S. House of Representatives; and that said elections conducted in accordance with Chapter 7 of the 2001 special session will continue to deprive plaintiffs of their rights guaranteed under the Constitution of Virginia.

32.     In the absence of reapportionment of the congressional districts of the Commonwealth of Virginia in conformance with the Virginia Constitution, any action of the defendants in conducting an election of the members of the Virginia congressional delegation in accordance with the districts ordered by Chapter 7 of the 2001 special session will continue to deprive plaintiffs of their constitutional rights in that

        (a)     They are and will be arbitrarily deprived of their liberty and property

10

without Due Process of Law, and are and will be arbitrarily deprived of the Equal
Protection of the Laws in violation of the Constitution of Virginia.

(b)      They are and will be in substantial measure, disenfranchised and deprived
of their rights and privileges, all in violation of Article II, Section I of the Virginia
Constitution.

(c)      Their right to vote, as guaranteed by Article II, Section I of the Virginia
Constitution, is and will continue to be abridged, diluted and infringed.

33.      By reason of the failure of the Legislature of the Commonwealth of Virginia to
reapportion the congressional districts of the state in conformity with the Virginia Constitution
and U.S. Constitution, thus violating the above cited constitutional rights of these plaintiffs and
of all other members of the class of citizens and voters whom they represent, a justiciable
controversy exists

WHEREFORE, Plaintiffs respectfully pray that:

1.      This Court declare the rights of these plaintiffs pursuant to § 8.01-184 *et seq.* of the
Code of Virginia (1950), as amended, to wit:

(a)      That the present legislative apportionment of the Commonwealth of
Virginia as established by Chapters 1 and 2 of the 2001 special session has deprived and
continues to deprive plaintiffs and all citizens of the Commonwealth of Virginia similarly
situated in underrepresented districts of their liberty and property without Due Process of
law and has denied and continues to deny plaintiffs and all citizens of the Commonwealth
of Virginia similarly situated in underrepresented districts of the Equal Protection of the

law all in violation of the Constitution of Virginia; and

(b)    That the present plan of congressional apportionment as established by Chapter 7 of the 2001 special session deprives plaintiffs and the class they represent of Due Process of Law and Equal Protection of the Law all in violation of the Constitution of Virginia.

(c)    That this court must take jurisdiction over this matter so that any order issued by the Court may receive preclearance under the Voting Rights Act in time to be adopted for the 2011 elections.

2.    The Court issue a permanent injunction and judgment decreeing that the plan of the legislative apportionment set forth in Chapters 1 and 2 of the 2001 special session may not hereafter be used as a valid plan of legislative apportionment.

3.    The Court permanently restrain defendants from receiving nominations and petitions for legislative office, from issuing certificates of nominations and elections, and from all further acts necessary to the holding of elections for members of the General Assembly in the districts set out and described in Chapter 1 and 2 of the 2001 special session until such time as the legislature passes and the governor approves legislation reapportioning the state legislative districts in accordance with the Constitution of Virginia, and such plan receives preclearance under the Voting Rights Act.

4.    The Court issue its permanent injunction and judgment decreeing that the plan of congressional apportionment set forth in Chapter 7 of the 2001 special session may not hereafter be used by defendants as a valid plan and scheme of congressional apportionment.

12

5.     The Court permanently restrain the defendant from receiving nominations and petitions for Congressional office, from issuing certificates of nomination and elections, and from all further acts necessary to the holding of elections for members of Congress in the districts established by Chapter 7 of the 2001 special session until such time as the legislature passes and the Governor approves legislation reapportioning the eleven (11) Virginia Congressional districts in accordance with the Constitution of Virginia, and receives preclearance under the Voting Rights Act.

6.     That this Court notify the Governor and Legislature of the Commonwealth of Virginia that it will retain jurisdiction of this action and, upon the failure of the Commonwealth of Virginia to adopt constitutionally valid plans of congressional redistricting and legislative reapportionment in time to be in effect for the 2011 elections, the Court will issue an Order requesting the parties hereto to submit proposed plans of congressional redistricting and legislative reapportionment for the Court's consideration, and that the Court will order an appropriate plan in effect in time for the 2011 elections.

7.     The Court order defendants to pay to plaintiffs their reasonable attorneys fees and expenses, expert fees, costs and other expenses incurred in prosecuting this action.

8.     For such other and future relief as is just in the circumstances.

RAYMOND J. KLOTZ, JR.
EDWARD FLEISCHER
GERALD BURCH, JR.

By Counsel

13

R. Craig Evans, Esquire (VSB No.: 20560)
McCAUL, MARTIN, EVANS & COOK, P.C.
8122 Mechanicsville Pike
Post Office Box 279
Mechanicsville, VA 23111
Telephone (804) 746-3773
Telecopier (804) 730-8062

14

# COMMONWEALTH OF VIRGINIA



### HANOVER CIRCUIT COURT
Civil Division
7507 LIBRARY DR/PO BOX 39
HANOVER VA
(804) 537-6143

Summons

To: CHARLES JUDD
THE STATE BOARD OF ELECTIONS
WASHINGTON BUILDING
1100 BANK STREET
1ST FLOOR
RICHMOND VA 23219

Case No. 085CL11000638-00

The party upon whom this summons and the attached ⁻Amended complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, April 20, 2011

Clerk of Court: FRANK D. HARGROVE JR.

by _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:    EVANS, R CRAIG
                    804-746-3773

VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF HANOVER

RECEIVED and/or FILED

APR 1 9 2011

CLERK'S OFFICE
HANOVER CIRCUIT COURT

RAYMOND J. KLOTZ, JR.

and

EDWARD FLEISCHER

and

GERALD BURCH, JR.                                          Plaintiffs,

CL11000638-00

v.

COMMONWEALTH OF VIRGINIA

and

KENNETH T. CUCCINELLI, II, Attorney General of the Commonwealth of Virginia

and

VIRGINIA BOARD OF ELECTIONS

and

CHARLES JUDD, Chairman of the Virginia Board of Elections

and

KIMBERLY BOWERS, Vice-Chairman of the Virginia Board of Elections

and

DON PALMER, Secretary of the Virginia Board of Elections              Defendants.

1

## AMENDED COMPLAINT

Comes now the plaintiffs, by counsel, and for their Complaint against the defendants state as follows:

## JURISDICTION

1.     This Court has subject matter jurisdiction pursuant to § 17.1-513 of the Code of Virginia (1950), as amended.

2.     Plaintiffs are citizens and qualified voters of the United States of America and of the Commonwealth of Virginia.  Plaintiff RAYMOND J. KLOTZ, JR. resides in Hanover County, Virginia, in Congressional District 7, Senate District 4, and House District 55.  Plaintiff EDWARD FLEISCHER resides in Hanover County, Virginia, in Congressional District 7, Senate District 4, and House District 55.  Plaintiff GERALD BURCH, JR. resides in Hanover County, Virginia, in Congressional District 7, Senate District 4, and House District 97.

3.     Plaintiffs bring this action individually and as representatives of all of the citizens of the Commonwealth of Virginia who are similarly situated, as being currently denied Equal Protection of the Laws and Due Process of Law, as further alleged herein.

4.     COMMONWEALTH OF VIRGINIA and KENNETH T. CUCCINELLI, II, Attorney General of the Commonwealth of Virginia, have the responsibility of enforcing the Constitution of Virginia and the laws of the Commonwealth of Virginia. Kenneth T. Cuccinelli, II, is being sued in his official capacity.

2

5.     Defendant VIRGINIA STATE BOARD OF ELECTIONS has the responsibility under Virginia law to carry out elections throughout the state.

6.     Defendant CHARLES JUDD is the Chairman of the Virginia State Board of Elections. Defendant KIMBERLY BOWERS is the Vice-Chairman of the Virginia State Board of Elections, and Defendant DON PALMER is the Secretary of the Virginia State Board of Elections.  All are being sued in their official capacities.


## COUNT I

## LEGISLATIVE MALAPPORTIONMENT

6.     This case arises under Article 1, Section 1, of the Constitution of the Commonwealth of Virginia which provides in pertinent part:

> "That all men are by nature equally free and independent and have certain inherent rights, of which, when they enter into a state of society, they cannot, by any compact, deprive or divest their posterity; namely, the enjoyment of life and liberty, with the means of acquiring and possessing property, and pursuing and obtaining happiness and safety."

A state statute and/or court order which enforces or effects an apportionment which invidiously discriminates against citizens in highly populous legislative districts and prefers other voters in the least populous legislative districts violates the above quoted constitutional provision

7.     This case also arises under Article I, Section 11 of the Constitution of the Commonwealth of Virginia which provides in pertinent part: "No person shall be deprived of life, liberty or

property without due process of law."

8.      The current Virginia legislative apportionment system established by Chapter 1 of the
2001 special session, and by Chapter 2 of the 2001 special session, effects a legislative
apportionment which invidiously discriminates against citizens in the most highly populous
legislative districts, including plaintiffs', and prefers other citizens in the least populous
legislative districts in violation of the Fifth and Fourteenth Amendments to the United States
Constitution

9.      This case also arises under Article II, Section VI of the Constitution of Virginia, which
provides, as amended in 2004:

> Members of the House of Representatives of the United States and members of the
> Senate and of the House of Delegates of the General Assembly shall be elected from
> electoral districts established by the General Assembly. Every electoral district shall be
> composed of contiguous and compact territory and shall be so constituted as to give, as
> nearly as is practicable, representation in proportion to the population of the district. The
> General Assembly shall reapportion the Commonwealth into electoral districts in
> accordance with this section in the year 2011 and every ten years thereafter.

10.     Plaintiffs are citizens of the United States and of the Commonwealth of Virginia and have
the rights conferred by the above provisions of the United States Constitution and the Virginia
Constitution to have the entire membership of the Virginia Legislature apportioned and elected
on the basis of the 2010 Federal Census.

11.     The intent and the purpose of the above referenced provisions of the Virginia

4

Constitution is to require that the members of the Virginia General Assembly be elected by the people of the Commonwealth of Virginia on a basis of equal representation of the individual citizens of the state. Therefore, all Virginia State Senators and Delegates must be equally apportioned throughout the state in districts which are arranged in population according to the number of inhabitants thereof as shown by the 2010 Federal Census

12.     On information and belief, the United States Federal Census taken as of April 2010 shows that the Virginia legislative districts as established by Chapters 1 and 2 of the 2001 special session are now unequally apportioned; that despite the compilation of said Census the Commonwealth of Virginia has failed and neglected, and unless otherwise ordered, will continue to fail and neglect to reapportion the legislative districts in the Commonwealth of Virginia; and that the present apportionment of the state legislative districts is no longer based upon any logical or reasonable formula but is arbitrary and capricious.

13.     Based upon the April 2010 Federal Census, the ideal population for each Virginia House of Delegates district is 80,010.  The ideal population for each Virginia State Senate district is 200,026.

13.     These Plaintiffs are residents, citizens and voters of certain legislative districts in the State of Virginia, whose populations have changed since the last census.

14.     The unequal population of the Virginia House of Delegates districts and the Virginia State Senate districts deprives plaintiffs and all other citizens of the highly populated districts of the rights guaranteed to them by the above quoted provisions of the Virginia Constitution.

15.     On April 15, 2011, the Governor of Virginia vetoed the Legislature of the

Commonwealth of Virginia's plan of redistricting; the plaintiffs are informed and believe and, therefore, allege that the Legislature of the Commonwealth of Virginia will not pass a law reapportioning itself in conformity with the United States Constitution and the Constitution of Virginia during the 2011 Special Session; and the preclearance process under the Voting Rights Act will take significant time to proceed before any plan will be in force and effect. The plaintiffs further allege on information and belief that the defendants intend to and will, unless sooner restrained by an order of this Court, conduct the election for the 2012 Virginia General Assembly during the year 2011 on the basis of the senatorial and representative districts determined by Chapter 1 and 2 of the 2001 special session and that until there is a legislative reapportionment, defendants will continue to do so in subsequent elections for members of the Virginia General Assembly.

16.   Plaintiffs further allege that they intend to and will vote in the state primary and general elections to be held in 2011 and thereafter for candidates for Virginia State Senate and Virginia House of Delegates; and that said elections conducted in accordance with Chapter 1 and 2 of the 2001 special session will continue to deprive plaintiffs of their rights guaranteed under the Constitution of Virginia.

17.   In the absence of reapportionment of the legislative districts of the Commonwealth of Virginia in conformance with the Virginia Constitution, any action of the defendants in conducting an election of the members of the Virginia General Assembly in accordance with the districts ordered by Chapters 1 and 2 of the 2001 special session will continue to deprive plaintiffs of their constitutional rights in that:

(a)   They are and will be arbitrarily deprived of their liberty and property

without Due Process of Law, and are and will be arbitrarily deprived of the Equal

Protection of the Laws in violation of the Constitution of Virginia.

(b)     They are and will be in substantial measure, disenfranchised and deprived

of their rights and privileges, all in violation of Article II, Section I of the Virginia

Constitution.

(c)     Their right to vote, as guaranteed by Article II, Section I of the Virginia

Constitution, is and will continue to be abridged, diluted and infringed.

18.     By reason of the failure of the Legislature of the Commonwealth of Virginia to

reapportion the legislative districts of the state in conformity with the Virginia Constitution, thus

violating the above cited constitutional rights of these plaintiffs and of all other members of the

class of citizens and voters whom they represent, a justiciable controversy exists.


## COUNT II

## CONGRESSIONAL REDISTRICTING

19.     Plaintiffs reallege paragraphs 1 through 4 hereof.

20.     This case arises under the Article 1, Section 1, of the Constitution of the Commonwealth

of Virginia which provides in pertinent part:

"That all men are by nature equally free and independent and have certain inherent rights,

of which, when they enter into a state of society, they cannot, by any compact, deprive or

divest their posterity; namely, the enjoyment of life and liberty, with the means of

7

acquiring and possessing property, and pursuing and obtaining happiness and safety."

A state statute and/or court order which enforces or effects an apportionment which invidiously discriminates against citizens in highly populous legislative districts and prefers other voters in the least populous legislative districts violates the above quoted constitutional provision.

21.     This case also arises under Article I, Section 11 of the Constitution of the Commonwealth of Virginia which provides in pertinent part: "No person shall be deprived of life, liberty or property without due process of law."

22.     The current Virginia Congressional apportionment system established by Chapter 7 of the 2001 special session, effects a legislative apportionment which invidiously discriminates against citizens in the most highly populous legislative districts, including plaintiffs', and prefers other citizens in the least populous legislative districts in violation of the Virginia Constitution.

23.     This case also arises under Article II, Section VI of the Constitution of Virginia, which provides, as amended in 2004:

> Members of the House of Representatives of the United States and members of the Senate and of the House of Delegates of the General Assembly shall be elected from electoral districts established by the General Assembly. Every electoral district shall be composed of contiguous and compact territory and shall be so constituted as to give, as nearly as is practicable, representation in proportion to the population of the district. The General Assembly shall reapportion the Commonwealth into electoral districts in accordance with this section in the year 2011 and every ten years thereafter.

24.     Plaintiffs are citizens of the United States and of the Commonwealth of Virginia and have

the rights conferred by the above provisions of the Constitution of Virginia to have the U.S.

Congressional districting in Virginia apportioned and elected on the basis of the 2010 Federal

Census.

25.     The intent and the purpose of the above referenced provisions of the Virginia

Constitution is to require that the members of the U.S. House of Representatives from Virginia

be elected by the people of the Commonwealth of Virginia on a basis of equal representation of

the individual citizens of the state. Therefore, all congressional districts must be equally

apportioned throughout the state in districts which are arranged in population according to the

number of inhabitants thereof as shown by the 2010 Federal Census.

26.     On information and belief, the United States Federal Census taken as of April 2010

shows that the Virginia congressional districts as established by Chapter 7 of the 2001 special

session are now unequally apportioned; that despite the compilation of said Census the

Commonwealth of Virginia has failed and neglected, and unless otherwise ordered, will continue

to fail and neglect to reapportion the legislative districts in the Commonwealth of Virginia; and

that the present apportionment of the state congressional districts is no longer based upon any

logical or reasonable formula but is arbitrary and capricious.

27.     Based upon the April 2010 Federal Census, the ideal population for each Virginia

congressional district is 727,366.

28.     These plaintiffs are residents, citizens and voters of certain congressional districts in the

State of Virginia, the population of which has changed since the last Federal Census.

29.     The unequal population of the Virginia congressional districts deprives plaintiffs and all

9

other citizens of the highly populated districts of the rights guaranteed to them by the above

quoted provisions of the Virginia Constitution.

30.     The plaintiffs are informed and believe and, therefore, allege that the Legislature of the

Commonwealth of Virginia will not pass a law reapportioning congressional districts in

conformity with the United States Constitution and the Constitution of Virginia during the 2011

Special Session; and the preclearance process under the Voting Rights Act will take significant

time to proceed before any plan will be in force and effect. The plaintiffs further allege on

information and belief that the defendant intends to and will, unless sooner restrained by an order

of this Court, conduct the election for the 113th Congress during the year 2012 on the basis of

the congressional districts determined by Chapter 7 of the 2001 special session and that until

there is a congressional reapportionment, defendants will continue to do so in subsequent

elections for members of the Virginia General Assembly.

31.     Plaintiffs further allege that they intend to and will vote in the state primary and general

elections to be held in 2012 and thereafter for candidates for U.S. House of Representatives; and

that said elections conducted in accordance with Chapter 7 of the 2001 special session will

continue to deprive plaintiffs of their rights guaranteed under the Constitution of Virginia.

32.     In the absence of reapportionment of the congressional districts of the Commonwealth of

Virginia in conformance with the Virginia Constitution, any action of the defendants in

conducting an election of the members of the Virginia congressional delegation in accordance

with the districts ordered by Chapter 7 of the 2001 special session will continue to deprive

plaintiffs of their constitutional rights in that

             (a)     They are and will be arbitrarily deprived of their liberty and property

10

without Due Process of Law, and are and will be arbitrarily deprived of the Equal

Protection of the Laws in violation of the Constitution of Virginia.

(b)     They are and will be in substantial measure, disenfranchised and deprived

of their rights and privileges, all in violation of Article II, Section I of the Virginia

Constitution.

(c)     Their right to vote, as guaranteed by Article II, Section I of the Virginia

Constitution, is and will continue to be abridged, diluted and infringed.

33.     By reason of the failure of the Legislature of the Commonwealth of Virginia to

reapportion the congressional districts of the state in conformity with the Virginia Constitution

and U.S. Constitution, thus violating the above cited constitutional rights of these plaintiffs and

of all other members of the class of citizens and voters whom they represent, a justiciable

controversy exists

WHEREFORE, Plaintiffs respectfully pray that:

1.     This Court declare the rights of these plaintiffs pursuant to § 8.01-184 *et seq.* of the

Code of Virginia (1950), as amended, to wit:

(a)     That the present legislative apportionment of the Commonwealth of

Virginia as established by Chapters 1 and 2 of the 2001 special session has deprived and

continues to deprive plaintiffs and all citizens of the Commonwealth of Virginia similarly

situated in underrepresented districts of their liberty and property without Due Process of

law and has denied and continues to deny plaintiffs and all citizens of the Commonwealth

of Virginia similarly situated in underrepresented districts of the Equal Protection of the

11

law all in violation of the Constitution of Virginia; and

      (b)     That the present plan of congressional apportionment as established by Chapter 7 of the 2001 special session deprives plaintiffs and the class they represent of Due Process of Law and Equal Protection of the Law all in violation of the Constitution of Virginia.

      (c)     That this court must take jurisdiction over this matter so that any order issued by the Court may receive preclearance under the Voting Rights Act in time to be adopted for the 2011 elections.

2.     The Court issue a permanent injunction and judgment decreeing that the plan of the legislative apportionment set forth in Chapters 1 and 2 of the 2001 special session may not hereafter be used as a valid plan of legislative apportionment.

3.     The Court permanently restrain defendants from receiving nominations and petitions for legislative office, from issuing certificates of nominations and elections, and from all further acts necessary to the holding of elections for members of the General Assembly in the districts set out and described in Chapter 1 and 2 of the 2001 special session until such time as the legislature passes and the governor approves legislation reapportioning the state legislative districts in accordance with the Constitution of Virginia, and such plan receives preclearance under the Voting Rights Act.

4.     The Court issue its permanent injunction and judgment decreeing that the plan of congressional apportionment set forth in Chapter 7 of the 2001 special session may not hereafter be used by defendants as a valid plan and scheme of congressional apportionment.

5.    The Court permanently restrain the defendant from receiving nominations and petitions for Congressional office, from issuing certificates of nomination and elections, and from all further acts necessary to the holding of elections for members of Congress in the districts established by Chapter 7 of the 2001 special session until such time as the legislature passes and the Governor approves legislation reapportioning the eleven (11) Virginia Congressional districts in accordance with the Constitution of Virginia, and receives preclearance under the Voting Rights Act.

6.    That this Court notify the Governor and Legislature of the Commonwealth of Virginia that it will retain jurisdiction of this action and, upon the failure of the Commonwealth of Virginia to adopt constitutionally valid plans of congressional redistricting and legislative reapportionment in time to be in effect for the 2011 elections, the Court will issue an Order requesting the parties hereto to submit proposed plans of congressional redistricting and legislative reapportionment for the Court's consideration, and that the Court will order an appropriate plan in effect in time for the 2011 elections.

7.    The Court order defendants to pay to plaintiffs their reasonable attorneys fees and expenses, expert fees, costs and other expenses incurred in prosecuting this action.

8.    For such other and future relief as is just in the circumstances.

RAYMOND J. KLOTZ, JR.
EDWARD FLEISCHER
GERALD BURCH, JR.

By Counsel

13

R. Craig Evans, Esquire (VSB No.: 20560)
McCAUL, MARTIN, EVANS & COOK, P.C.
8122 Mechanicsville Pike
Post Office Box 279
Mechanicsville, VA 23111
Telephone (804) 746-3773
Telecopier (804) 730-8062

14

# COMMONWEALTH OF VIRGINIA



### HANOVER CIRCUIT COURT
Civil Division
7507 LIBRARY DR/PO BOX 39
HANOVER VA
(804) 537-6143

Summons

To: KIMBERLY BOWERS
THE STATE BOARD OF ELECTIONS
WASHINGTON BUILDING
1100 BANK STREET
1ST FLOOR
RICHMOND VA 23219

Case No. 085CL11000638-00

The party upon whom this summons and the attached complaint ~Amended~ are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, April 20, 2011

Clerk of Court: FRANK D. HARGROVE JR.

by _____
(CLERK/DEPUTY CLERK)

Instructions:


Hearing Official:



Attorney's name:     EVANS, R CRAIG
                     804-746-3773

VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF HANOVER


RAYMOND J. KLOTZ, JR.

and

EDWARD FLEISCHER

and

GERALD BURCH, JR.                                                    Plaintiffs,

RECEIVED and/or FILED

APR 1 9 2011

CLERK'S OFFICE
HANOVER CIRCUIT COURT

*CL11000638-00*

v.


COMMONWEALTH OF VIRGINIA

and

KENNETH  T. CUCCINELLI, II, Attorney General of the Commonwealth of Virginia

and

VIRGINIA BOARD OF ELECTIONS

and

CHARLES JUDD, Chairman of the Virginia Board of Elections

and

KIMBERLY BOWERS, Vice-Chairman of the Virginia Board of Elections

and

DON PALMER, Secretary of the Virginia Board of Elections                Defendants.

1

## AMENDED COMPLAINT

Comes now the plaintiffs, by counsel, and for their Complaint against the defendants state as follows:

### JURISDICTION

1.      This Court has subject matter jurisdiction pursuant to § 17.1-513 of the Code of Virginia (1950), as amended.

2.      Plaintiffs are citizens and qualified voters of the United States of America and of the Commonwealth of Virginia.  Plaintiff RAYMOND J. KLOTZ, JR. resides in Hanover County, Virginia, in Congressional District 7, Senate District 4, and House District 55.  Plaintiff EDWARD FLEISCHER resides in Hanover County, Virginia, in Congressional District 7, Senate District 4, and House District 55.  Plaintiff GERALD BURCH, JR. resides in Hanover County, Virginia, in Congressional District 7, Senate District 4, and House District 97.

3.      Plaintiffs bring this action individually and as representatives of all of the citizens of the Commonwealth of Virginia who are similarly situated, as being currently denied Equal Protection of the Laws and Due Process of Law, as further alleged herein.

4.      COMMONWEALTH OF VIRGINIA and KENNETH T. CUCCINELLI, II, Attorney General of the Commonwealth of Virginia, have the responsibility of enforcing the Constitution of Virginia and the laws of the Commonwealth of Virginia. Kenneth T. Cuccinelli, II, is being sued in his official capacity.

2

5.      Defendant VIRGINIA STATE BOARD OF ELECTIONS has the responsibility under

Virginia law to carry out elections throughout the state.

6.      Defendant CHARLES JUDD is the Chairman of the Virginia State Board of Elections.

Defendant KIMBERLY BOWERS is the Vice-Chairman of the Virginia State Board of

Elections, and Defendant DON PALMER is the Secretary of the Virginia State Board of

Elections.  All are being sued in their official capacities.


## COUNT I

## LEGISLATIVE MALAPPORTIONMENT

6.      This case arises under Article 1, Section 1, of the Constitution of the Commonwealth of

Virginia which provides in pertinent part:

> "That all men are by nature equally free and independent and have certain inherent rights,
>
> of which, when they enter into a state of society, they cannot, by any compact, deprive or
>
> divest their posterity; namely, the enjoyment of life and liberty, with the means of
>
> acquiring and possessing property, and pursuing and obtaining happiness and safety."

A state statute and/or court order which enforces or effects an apportionment which invidiously

discriminates against citizens in highly populous legislative districts and prefers other voters in

the least populous legislative districts violates the above quoted constitutional provision

7.      This case also arises under Article I, Section 11 of the Constitution of the Commonwealth

of Virginia which provides in pertinent part:  "No person shall be deprived of life, liberty or

3

property without due process of law."

8.      The current Virginia legislative apportionment system established by Chapter 1 of the 2001 special session, and by Chapter 2 of the 2001 special session, effects a legislative apportionment which invidiously discriminates against citizens in the most highly populous legislative districts, including plaintiffs', and prefers other citizens in the least populous legislative districts in violation of the Fifth and Fourteenth Amendments to the United States Constitution

9.      This case also arises under Article II, Section VI of the Constitution of Virginia, which provides, as amended in 2004:

> Members of the House of Representatives of the United States and members of the Senate and of the House of Delegates of the General Assembly shall be elected from electoral districts established by the General Assembly. Every electoral district shall be composed of contiguous and compact territory and shall be so constituted as to give, as nearly as is practicable, representation in proportion to the population of the district. The General Assembly shall reapportion the Commonwealth into electoral districts in accordance with this section in the year 2011 and every ten years thereafter.

10.     Plaintiffs are citizens of the United States and of the Commonwealth of Virginia and have the rights conferred by the above provisions of the United States Constitution and the Virginia Constitution to have the entire membership of the Virginia Legislature apportioned and elected on the basis of the 2010 Federal Census.

11.     The intent and the purpose of the above referenced provisions of the Virginia

4

Constitution is to require that the members of the Virginia General Assembly be elected by the people of the Commonwealth of Virginia on a basis of equal representation of the individual citizens of the state. Therefore, all Virginia State Senators and Delegates must be equally apportioned throughout the state in districts which are arranged in population according to the number of inhabitants thereof as shown by the 2010 Federal Census

12.     On information and belief, the United States Federal Census taken as of April 2010 shows that the Virginia legislative districts as established by Chapters 1 and 2 of the 2001 special session are now unequally apportioned; that despite the compilation of said Census the Commonwealth of Virginia has failed and neglected, and unless otherwise ordered, will continue to fail and neglect to reapportion the legislative districts in the Commonwealth of Virginia; and that the present apportionment of the state legislative districts is no longer based upon any logical or reasonable formula but is arbitrary and capricious.

13.     Based upon the April 2010 Federal Census, the ideal population for each Virginia House of Delegates district is 80,010.  The ideal population for each Virginia State Senate district is 200,026.

13.     These Plaintiffs are residents, citizens and voters of certain legislative districts in the State of Virginia, whose populations have changed since the last census.

14.     The unequal population of the Virginia House of Delegates districts and the Virginia State Senate districts deprives plaintiffs and all other citizens of the highly populated districts of the rights guaranteed to them by the above quoted provisions of the Virginia Constitution.

15.     On April 15, 2011, the Governor of Virginia vetoed the Legislature of the

5

Commonwealth of Virginia's plan of redistricting; the plaintiffs are informed and believe and,

therefore, allege that the Legislature of the Commonwealth of Virginia will not pass a law

reapportioning itself in conformity with the United States Constitution and the Constitution of

Virginia during the 2011 Special Session; and the preclearance process under the Voting Rights

Act will take significant time to proceed before any plan will be in force and effect. The

plaintiffs further allege on information and belief that the defendants intend to and will, unless

sooner restrained by an order of this Court, conduct the election for the 2012 Virginia General

Assembly during the year 2011 on the basis of the senatorial and representative districts

determined by Chapter 1 and 2 of the 2001 special session and that until there is a legislative

reapportionment, defendants will continue to do so in subsequent elections for members of the

Virginia General Assembly.

16.     Plaintiffs further allege that they intend to and will vote in the state primary and general

elections to be held in 2011 and thereafter for candidates for Virginia State Senate and Virginia

House of Delegates; and that said elections conducted in accordance with Chapter 1 and 2 of the

2001 special session will continue to deprive plaintiffs of their rights guaranteed under the

Constitution of Virginia.

17.     In the absence of reapportionment of the legislative districts of the Commonwealth of

Virginia in conformance with the Virginia Constitution, any action of the defendants in

conducting an election of the members of the Virginia General Assembly in accordance with the

districts ordered by Chapters 1 and 2 of the 2001 special session will continue to deprive

plaintiffs of their constitutional rights in that:

        (a)     They are and will be arbitrarily deprived of their liberty and property

6

without Due Process of Law, and are and will be arbitrarily deprived of the Equal

Protection of the Laws in violation of the Constitution of Virginia.

      (b)    They are and will be in substantial measure, disenfranchised and deprived

of their rights and privileges, all in violation of Article II, Section I of the Virginia

Constitution.

      (c)    Their right to vote, as guaranteed by Article II, Section I of the Virginia

Constitution, is and will continue to be abridged, diluted and infringed.

18.    By reason of the failure of the Legislature of the Commonwealth of Virginia to

reapportion the legislative districts of the state in conformity with the Virginia Constitution, thus

violating the above cited constitutional rights of these plaintiffs and of all other members of the

class of citizens and voters whom they represent, a justiciable controversy exists.


## COUNT II

## CONGRESSIONAL REDISTRICTING

19.    Plaintiffs reallege paragraphs 1 through 4 hereof.

20.    This case arises under the Article 1, Section 1, of the Constitution of the Commonwealth

of Virginia which provides in pertinent part:

    "That all men are by nature equally free and independent and have certain inherent rights,

    of which, when they enter into a state of society, they cannot, by any compact, deprive or

    divest their posterity; namely, the enjoyment of life and liberty, with the means of

8

acquiring and possessing property, and pursuing and obtaining happiness and safety."

A state statute and/or court order which enforces or effects an apportionment which invidiously discriminates against citizens in highly populous legislative districts and prefers other voters in the least populous legislative districts violates the above quoted constitutional provision.

21.    This case also arises under Article I, Section 11 of the Constitution of the Commonwealth of Virginia which provides in pertinent part: "No person shall be deprived of life, liberty or property without due process of law."

22.    The current Virginia Congressional apportionment system established by Chapter 7 of the 2001 special session, effects a legislative apportionment which invidiously discriminates against citizens in the most highly populous legislative districts, including plaintiffs', and prefers other citizens in the least populous legislative districts in violation of the Virginia Constitution.

23.    This case also arises under Article II, Section VI of the Constitution of Virginia, which provides, as amended in 2004:

Members of the House of Representatives of the United States and members of the Senate and of the House of Delegates of the General Assembly shall be elected from electoral districts established by the General Assembly. Every electoral district shall be composed of contiguous and compact territory and shall be so constituted as to give, as nearly as is practicable, representation in proportion to the population of the district. The General Assembly shall reapportion the Commonwealth into electoral districts in accordance with this section in the year 2011 and every ten years thereafter.

24.    Plaintiffs are citizens of the United States and of the Commonwealth of Virginia and have

6

the rights conferred by the above provisions of the Constitution of Virginia to have the U.S.

Congressional districting in Virginia apportioned and elected on the basis of the 2010 Federal Census.

25.     The intent and the purpose of the above referenced provisions of the Virginia Constitution is to require that the members of the U.S. House of Representatives from Virginia be elected by the people of the Commonwealth of Virginia on a basis of equal representation of the individual citizens of the state. Therefore, all congressional districts must be equally apportioned throughout the state in districts which are arranged in population according to the number of inhabitants thereof as shown by the 2010 Federal Census.

26.     On information and belief, the United States Federal Census taken as of April 2010 shows that the Virginia congressional districts as established by Chapter 7 of the 2001 special session are now unequally apportioned, that despite the compilation of said Census the Commonwealth of Virginia has failed and neglected, and unless otherwise ordered, will continue to fail and neglect to reapportion the legislative districts in the Commonwealth of Virginia; and that the present apportionment of the state congressional districts is no longer based upon any logical or reasonable formula but is arbitrary and capricious.

27.     Based upon the April 2010 Federal Census, the ideal population for each Virginia congressional district is 727,366.

28.     These plaintiffs are residents, citizens and voters of certain congressional districts in the State of Virginia, the population of which has changed since the last Federal Census.

29.     The unequal population of the Virginia congressional districts deprives plaintiffs and all

other citizens of the highly populated districts of the rights guaranteed to them by the above quoted provisions of the Virginia Constitution.

30.     The plaintiffs are informed and believe and, therefore, allege that the Legislature of the Commonwealth of Virginia will not pass a law reapportioning congressional districts in conformity with the United States Constitution and the Constitution of Virginia during the 2011 Special Session; and the preclearance process under the Voting Rights Act will take significant time to proceed before any plan will be in force and effect. The plaintiffs further allege on information and belief that the defendant intends to and will, unless sooner restrained by an order of this Court, conduct the election for the 113th Congress during the year 2012 on the basis of the congressional districts determined by Chapter 7 of the 2001 special session and that until there is a congressional reapportionment, defendants will continue to do so in subsequent elections for members of the Virginia General Assembly.

31.     Plaintiffs further allege that they intend to and will vote in the state primary and general elections to be held in 2012 and thereafter for candidates for U.S. House of Representatives; and that said elections conducted in accordance with Chapter 7 of the 2001 special session will continue to deprive plaintiffs of their rights guaranteed under the Constitution of Virginia.

32.     In the absence of reapportionment of the congressional districts of the Commonwealth of Virginia in conformance with the Virginia Constitution, any action of the defendants in conducting an election of the members of the Virginia congressional delegation in accordance with the districts ordered by Chapter 7 of the 2001 special session will continue to deprive plaintiffs of their constitutional rights in that

(a)     They are and will be arbitrarily deprived of their liberty and property

10

without Due Process of Law, and are and will be arbitrarily deprived of the Equal Protection of the Laws in violation of the Constitution of Virginia.

(b)     They are and will be in substantial measure, disenfranchised and deprived of their rights and privileges, all in violation of Article II, Section I of the Virginia Constitution.

(c)     Their right to vote, as guaranteed by Article II, Section I of the Virginia Constitution, is and will continue to be abridged, diluted and infringed.

33.     By reason of the failure of the Legislature of the Commonwealth of Virginia to reapportion the congressional districts of the state in conformity with the Virginia Constitution and U.S. Constitution, thus violating the above cited constitutional rights of these plaintiffs and of all other members of the class of citizens and voters whom they represent, a justiciable controversy exists

WHEREFORE, Plaintiffs respectfully pray that:

1.     This Court declare the rights of these plaintiffs pursuant to § 8.01-184 et seq. of the Code of Virginia (1950), as amended, to wit:

(a)     That the present legislative apportionment of the Commonwealth of Virginia as established by Chapters 1 and 2 of the 2001 special session has deprived and continues to deprive plaintiffs and all citizens of the Commonwealth of Virginia similarly situated in underrepresented districts of their liberty and property without Due Process of law and has denied and continues to deny plaintiffs and all citizens of the Commonwealth of Virginia similarly situated in underrepresented districts of the Equal Protection of the

11

law all in violation of the Constitution of Virginia; and

(b)     That the present plan of congressional apportionment as established by Chapter 7 of the 2001 special session deprives plaintiffs and the class they represent of Due Process of Law and Equal Protection of the Law all in violation of the Constitution of Virginia.

(c)     That this court must take jurisdiction over this matter so that any order issued by the Court may receive preclearance under the Voting Rights Act in time to be adopted for the 2011 elections.

2.     The Court issue a permanent injunction and judgment decreeing that the plan of the legislative apportionment set forth in Chapters 1 and 2 of the 2001 special session may not hereafter be used as a valid plan of legislative apportionment.

3.     The Court permanently restrain defendants from receiving nominations and petitions for legislative office, from issuing certificates of nominations and elections, and from all further acts necessary to the holding of elections for members of the General Assembly in the districts set out and described in Chapter 1 and 2 of the 2001 special session until such time as the legislature passes and the governor approves legislation reapportioning the state legislative districts in accordance with the Constitution of Virginia, and such plan receives preclearance under the Voting Rights Act.

4.     The Court issue its permanent injunction and judgment decreeing that the plan of congressional apportionment set forth in Chapter 7 of the 2001 special session may not hereafter be used by defendants as a valid plan and scheme of congressional apportionment.

5. The Court permanently restrain the defendant from receiving nominations and petitions for Congressional office, from issuing certificates of nomination and elections, and from all further acts necessary to the holding of elections for members of Congress in the districts established by Chapter 7 of the 2001 special session until such time as the legislature passes and the Governor approves legislation reapportioning the eleven (11) Virginia Congressional districts in accordance with the Constitution of Virginia, and receives preclearance under the Voting Rights Act.

6. That this Court notify the Governor and Legislature of the Commonwealth of Virginia that it will retain jurisdiction of this action and, upon the failure of the Commonwealth of Virginia to adopt constitutionally valid plans of congressional redistricting and legislative reapportionment in time to be in effect for the 2011 elections, the Court will issue an Order requesting the parties hereto to submit proposed plans of congressional redistricting and legislative reapportionment for the Court's consideration, and that the Court will order an appropriate plan in effect in time for the 2011 elections.

7. The Court order defendants to pay to plaintiffs their reasonable attorneys fees and expenses, expert fees, costs and other expenses incurred in prosecuting this action.

8. For such other and future relief as is just in the circumstances.

RAYMOND J. KLOTZ, JR.
EDWARD FLEISCHER
GERALD BURCH, JR.



By Counsel

13

R. Craig Evans, Esquire (VSB No.: 20560)
McCAUL, MARTIN, EVANS & COOK, P.C.
8122 Mechanicsville Pike
Post Office Box 279
Mechanicsville, VA 23111
Telephone (804) 746-3773
Telecopier (804) 730-8062

# COMMONWEALTH OF VIRGINIA



### HANOVER CIRCUIT COURT
Civil Division
7507 LIBRARY DR/PO BOX 39
HANOVER VA
(804) 537-6143

Summons

To: DON PALMER                                    Case No. 085CL11000638-00
    THE STATE BOARD OF ELECTIONS
    WASHINGTON BUILDING
    1100 BANK STREET
    1ST FLOOR
    RICHMOND VA 23219

The party upon whom this summons and the attached complaint *Amended* are served is hereby notified
that unless within 21 days after such service, response is made by filing in the clerk's office
of this court a pleading in writing, in proper legal form, the allegations and charges may be
taken as admitted and the court may enter an order, judgment, or decree against such party
either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, April 20, 2011

Clerk of Court: FRANK D. HARGROVE JR.

by _____
                        (CLERK/DEPUTY CLERK )

Instructions:


Hearing Official:



Attorney's name:     EVANS, R CRAIG
                     804-746-3773

VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF HANOVER


RAYMOND J. KLOTZ, JR.

and

EDWARD FLEISCHER

and

GERALD BURCH, JR.                                      Plaintiffs,


CL11000638-00

v.


COMMONWEALTH OF VIRGINIA

and

KENNETH T. CUCCINELLI, II, Attorney General of the Commonwealth of Virginia

and

VIRGINIA BOARD OF ELECTIONS

and

CHARLES JUDD, Chairman of the Virginia Board of Elections

and

KIMBERLY BOWERS, Vice-Chairman of the Virginia Board of Elections

and

DON PALMER, Secretary of the Virginia Board of Elections            Defendants.


RECEIVED and/or FILED

APR 1 9 2011

CLERK'S OFFICE
HANOVER CIRCUIT COURT


1

AMENDED COMPLAINT

Comes now the plaintiffs, by counsel, and for their Complaint against the defendants

state as follows:

JURISDICTION

1.      This Court has subject matter jurisdiction pursuant to § 17.1-513 of the Code of Virginia

(1950), as amended.

2.      Plaintiffs are citizens and qualified voters of the United States of America and of the

Commonwealth of Virginia.  Plaintiff RAYMOND J. KLOTZ, JR. resides in Hanover County,

Virginia, in Congressional District 7, Senate District 4, and House District 55.  Plaintiff

EDWARD FLEISCHER resides in Hanover County, Virginia, in Congressional District 7,

Senate District 4, and House District 55.  Plaintiff GERALD BURCH, JR. resides in Hanover

County, Virginia, in Congressional District 7, Senate District 4, and House District 97.

3.      Plaintiffs bring this action individually and as representatives of all of the citizens of the

Commonwealth of Virginia who are similarly situated, as being currently denied Equal

Protection of the Laws and Due Process of Law, as further alleged herein.

4.      COMMONWEALTH OF VIRGINIA and KENNETH T. CUCCINELLI, II, Attorney

General of the Commonwealth of Virginia, have the responsibility of enforcing the Constitution

of Virginia and the laws of the Commonwealth of Virginia. Kenneth T. Cuccinelli, II, is being

sued in his official capacity.

2

5.      Defendant VIRGINIA STATE BOARD OF ELECTIONS has the responsibility under

Virginia law to carry out elections throughout the state.

6.      Defendant CHARLES JUDD is the Chairman of the Virginia State Board of Elections.

Defendant KIMBERLY BOWERS is the Vice-Chairman of the Virginia State Board of

Elections, and Defendant DON PALMER is the Secretary of the Virginia State Board of

Elections.  All are being sued in their official capacities.


## COUNT I

## LEGISLATIVE MALAPPORTIONMENT

6.      This case arises under Article 1, Section 1, of the Constitution of the Commonwealth of

Virginia which provides in pertinent part:

> "That all men are by nature equally free and independent and have certain inherent rights,
>
> of which, when they enter into a state of society, they cannot, by any compact, deprive or
>
> divest their posterity; namely, the enjoyment of life and liberty, with the means of
>
> acquiring and possessing property, and pursuing and obtaining happiness and safety."

A state statute and/or court order which enforces or effects an apportionment which invidiously

discriminates against citizens in highly populous legislative districts and prefers other voters in

the least populous legislative districts violates the above quoted constitutional provision

7.      This case also arises under Article I, Section 11 of the Constitution of the Commonwealth

of Virginia which provides in pertinent part: "No person shall be deprived of life, liberty or

3

property without due process of law."

8.    The current Virginia legislative apportionment system established by Chapter 1 of the 2001 special session, and by Chapter 2 of the 2001 special session, effects a legislative apportionment which invidiously discriminates against citizens in the most highly populous legislative districts, including plaintiffs', and prefers other citizens in the least populous legislative districts in violation of the Fifth and Fourteenth Amendments to the United States Constitution                                                                    .

9.    This case also arises under Article II, Section VI of the Constitution of Virginia, which provides, as amended in 2004:

> Members of the House of Representatives of the United States and members of the Senate and of the House of Delegates of the General Assembly shall be elected from electoral districts established by the General Assembly. Every electoral district shall be composed of contiguous and compact territory and shall be so constituted as to give, as nearly as is practicable, representation in proportion to the population of the district. The General Assembly shall reapportion the Commonwealth into electoral districts in accordance with this section in the year 2011 and every ten years thereafter.

10.    Plaintiffs are citizens of the United States and of the Commonwealth of Virginia and have the rights conferred by the above provisions of the United States Constitution and the Virginia Constitution to have the entire membership of the Virginia Legislature apportioned and elected on the basis of the 2010 Federal Census.

11.    The intent and the purpose of the above referenced provisions of the Virginia

4

Constitution is to require that the members of the Virginia General Assembly be elected by the people of the Commonwealth of Virginia on a basis of equal representation of the individual citizens of the state. Therefore, all Virginia State Senators and Delegates must be equally apportioned throughout the state in districts which are arranged in population according to the number of inhabitants thereof as shown by the 2010 Federal Census

12.     On information and belief, the United States Federal Census taken as of April 2010 shows that the Virginia legislative districts as established by Chapters 1 and 2 of the 2001 special session are now unequally apportioned; that despite the compilation of said Census the Commonwealth of Virginia has failed and neglected, and unless otherwise ordered, will continue to fail and neglect to reapportion the legislative districts in the Commonwealth of Virginia; and that the present apportionment of the state legislative districts is no longer based upon any logical or reasonable formula but is arbitrary and capricious.

13.     Based upon the April 2010 Federal Census, the ideal population for each Virginia House of Delegates district is 80,010. The ideal population for each Virginia State Senate district is 200,026.

13.     These Plaintiffs are residents, citizens and voters of certain legislative districts in the State of Virginia, whose populations have changed since the last census.

14.     The unequal population of the Virginia House of Delegates districts and the Virginia State Senate districts deprives plaintiffs and all other citizens of the highly populated districts of the rights guaranteed to them by the above quoted provisions of the Virginia Constitution.

15.     On April 15, 2011, the Governor of Virginia vetoed the Legislature of the

Commonwealth of Virginia's plan of redistricting; the plaintiffs are informed and believe and, therefore, allege that the Legislature of the Commonwealth of Virginia will not pass a law reapportioning itself in conformity with the United States Constitution and the Constitution of Virginia during the 2011 Special Session; and the preclearance process under the Voting Rights Act will take significant time to proceed before any plan will be in force and effect. The plaintiffs further allege on information and belief that the defendants intend to and will, unless sooner restrained by an order of this Court, conduct the election for the 2012 Virginia General Assembly during the year 2011 on the basis of the senatorial and representative districts determined by Chapter 1 and 2 of the 2001 special session and that until there is a legislative reapportionment, defendants will continue to do so in subsequent elections for members of the Virginia General Assembly.

16.     Plaintiffs further allege that they intend to and will vote in the state primary and general elections to be held in 2011 and thereafter for candidates for Virginia State Senate and Virginia House of Delegates; and that said elections conducted in accordance with Chapter 1 and 2 of the 2001 special session will continue to deprive plaintiffs of their rights guaranteed under the Constitution of Virginia.

17.     In the absence of reapportionment of the legislative districts of the Commonwealth of Virginia in conformance with the Virginia Constitution, any action of the defendants in conducting an election of the members of the Virginia General Assembly in accordance with the districts ordered by Chapters 1 and 2 of the 2001 special session will continue to deprive plaintiffs of their constitutional rights in that:

                (a)     They are and will be arbitrarily deprived of their liberty and property

6

without Due Process of Law, and are and will be arbitrarily deprived of the Equal

Protection of the Laws in violation of the Constitution of Virginia.

(b)     They are and will be in substantial measure, disenfranchised and deprived

of their rights and privileges, all in violation of Article II, Section I of the Virginia

Constitution.

(c)     Their right to vote, as guaranteed by Article II, Section I of the Virginia

Constitution, is and will continue to be abridged, diluted and infringed.

18.     By reason of the failure of the Legislature of the Commonwealth of Virginia to

reapportion the legislative districts of the state in conformity with the Virginia Constitution, thus

violating the above cited constitutional rights of these plaintiffs and of all other members of the

class of citizens and voters whom they represent, a justiciable controversy exists.


## COUNT II

## CONGRESSIONAL REDISTRICTING

19.     Plaintiffs reallege paragraphs 1 through 4 hereof.

20.     This case arises under the Article 1, Section 1, of the Constitution of the Commonwealth

of Virginia which provides in pertinent part:

"That all men are by nature equally free and independent and have certain inherent rights,

of which, when they enter into a state of society, they cannot, by any compact, deprive or

divest their posterity; namely, the enjoyment of life and liberty, with the means of

7

acquiring and possessing property, and pursuing and obtaining happiness and safety."

A state statute and/or court order which enforces or effects an apportionment which invidiously discriminates against citizens in highly populous legislative districts and prefers other voters in the least populous legislative districts violates the above quoted constitutional provision.

21.    This case also arises under Article I, Section 11 of the Constitution of the Commonwealth of Virginia which provides in pertinent part: "No person shall be deprived of life, liberty or property without due process of law."

22.    The current Virginia Congressional apportionment system established by Chapter 7 of the 2001 special session, effects a legislative apportionment which invidiously discriminates against citizens in the most highly populous legislative districts, including plaintiffs', and prefers other citizens in the least populous legislative districts in violation of the Virginia Constitution.

23.    This case also arises under Article II, Section VI of the Constitution of Virginia, which provides, as amended in 2004:

> Members of the House of Representatives of the United States and members of the
> Senate and of the House of Delegates of the General Assembly shall be elected from
> electoral districts established by the General Assembly. Every electoral district shall be
> composed of contiguous and compact territory and shall be so constituted as to give, as
> nearly as is practicable, representation in proportion to the population of the district. The
> General Assembly shall reapportion the Commonwealth into electoral districts in
> accordance with this section in the year 2011 and every ten years thereafter.

24.    Plaintiffs are citizens of the United States and of the Commonwealth of Virginia and have

8

the rights conferred by the above provisions of the Constitution of Virginia to have the U.S.

Congressional districting in Virginia apportioned and elected on the basis of the 2010 Federal

Census.

25.     The intent and the purpose of the above referenced provisions of the Virginia

Constitution is to require that the members of the U.S. House of Representatives from Virginia

be elected by the people of the Commonwealth of Virginia on a basis of equal representation of

the individual citizens of the state. Therefore, all congressional districts must be equally

apportioned throughout the state in districts which are arranged in population according to the

number of inhabitants thereof as shown by the 2010 Federal Census.

26.     On information and belief, the United States Federal Census taken as of April 2010

shows that the Virginia congressional districts as established by Chapter 7 of the 2001 special

session are now unequally apportioned; that despite the compilation of said Census the

Commonwealth of Virginia has failed and neglected, and unless otherwise ordered, will continue

to fail and neglect to reapportion the legislative districts in the Commonwealth of Virginia; and

that the present apportionment of the state congressional districts is no longer based upon any

logical or reasonable formula but is arbitrary and capricious.

27.     Based upon the April 2010 Federal Census, the ideal population for each Virginia

congressional district is 727,366.

28.     These plaintiffs are residents, citizens and voters of certain congressional districts in the

State of Virginia, the population of which has changed since the last Federal Census.

29.     The unequal population of the Virginia congressional districts deprives plaintiffs and all

9

other citizens of the highly populated districts of the rights guaranteed to them by the above quoted provisions of the Virginia Constitution.

30.     The plaintiffs are informed and believe and, therefore, allege that the Legislature of the Commonwealth of Virginia will not pass a law reapportioning congressional districts in conformity with the United States Constitution and the Constitution of Virginia during the 2011 Special Session; and the preclearance process under the Voting Rights Act will take significant time to proceed before any plan will be in force and effect. The plaintiffs further allege on information and belief that the defendant intends to and will, unless sooner restrained by an order of this Court, conduct the election for the 113th Congress during the year 2012 on the basis of the congressional districts determined by Chapter 7 of the 2001 special session and that until there is a congressional reapportionment, defendants will continue to do so in subsequent elections for members of the Virginia General Assembly.

31.     Plaintiffs further allege that they intend to and will vote in the state primary and general elections to be held in 2012 and thereafter for candidates for U.S. House of Representatives; and that said elections conducted in accordance with Chapter 7 of the 2001 special session will continue to deprive plaintiffs of their rights guaranteed under the Constitution of Virginia.

32.     In the absence of reapportionment of the congressional districts of the Commonwealth of Virginia in conformance with the Virginia Constitution, any action of the defendants in conducting an election of the members of the Virginia congressional delegation in accordance with the districts ordered by Chapter 7 of the 2001 special session will continue to deprive plaintiffs of their constitutional rights in that

        (a)     They are and will be arbitrarily deprived of their liberty and property

10

without Due Process of Law, and are and will be arbitrarily deprived of the Equal

Protection of the Laws in violation of the Constitution of Virginia.

(b)    They are and will be in substantial measure, disenfranchised and deprived

of their rights and privileges, all in violation of Article II, Section I of the Virginia

Constitution.

(c)    Their right to vote, as guaranteed by Article II, Section I of the Virginia

Constitution, is and will continue to be abridged, diluted and infringed.

33.    By reason of the failure of the Legislature of the Commonwealth of Virginia to

reapportion the congressional districts of the state in conformity with the Virginia Constitution

and U.S. Constitution, thus violating the above cited constitutional rights of these plaintiffs and

of all other members of the class of citizens and voters whom they represent, a justiciable

controversy exists

WHEREFORE, Plaintiffs respectfully pray that:

1.    This Court declare the rights of these plaintiffs pursuant to § 8.01-184 *et seq.* of the

Code of Virginia (1950), as amended, to wit:

(a)    That the present legislative apportionment of the Commonwealth of

Virginia as established by Chapters 1 and 2 of the 2001 special session has deprived and

continues to deprive plaintiffs and all citizens of the Commonwealth of Virginia similarly

situated in underrepresented districts of their liberty and property without Due Process of

law and has denied and continues to deny plaintiffs and all citizens of the Commonwealth

of Virginia similarly situated in underrepresented districts of the Equal Protection of the

law all in violation of the Constitution of Virginia; and

      (b)    That the present plan of congressional apportionment as established by Chapter 7 of the 2001 special session deprives plaintiffs and the class they represent of Due Process of Law and Equal Protection of the Law all in violation of the Constitution of Virginia.

      (c)    That this court must take jurisdiction over this matter so that any order issued by the Court may receive preclearance under the Voting Rights Act in time to be adopted for the 2011 elections.

2.    The Court issue a permanent injunction and judgment decreeing that the plan of the legislative apportionment set forth in Chapters 1 and 2 of the 2001 special session may not hereafter be used as a valid plan of legislative apportionment.

3.    The Court permanently restrain defendants from receiving nominations and petitions for legislative office, from issuing certificates of nominations and elections, and from all further acts necessary to the holding of elections for members of the General Assembly in the districts set out and described in Chapter 1 and 2 of the 2001 special session until such time as the legislature passes and the governor approves legislation reapportioning the state legislative districts in accordance with the Constitution of Virginia, and such plan receives preclearance under the Voting Rights Act.

4.    The Court issue its permanent injunction and judgment decreeing that the plan of congressional apportionment set forth in Chapter 7 of the 2001 special session may not hereafter be used by defendants as a valid plan and scheme of congressional apportionment.

5.    The Court permanently restrain the defendant from receiving nominations and petitions

for Congressional office, from issuing certificates of nomination and elections, and from all

further acts necessary to the holding of elections for members of Congress in the districts

established by Chapter 7 of the 2001 special session until such time as the legislature passes and

the Governor approves legislation reapportioning the eleven (11) Virginia Congressional districts

in accordance with the Constitution of Virginia, and receives preclearance under the Voting

Rights Act.

6.    That this Court notify the Governor and Legislature of the Commonwealth of Virginia

that it will retain jurisdiction of this action and, upon the failure of the Commonwealth of

Virginia to adopt constitutionally valid plans of congressional redistricting and legislative

reapportionment in time to be in effect for the 2011 elections, the Court will issue an Order

requesting the parties hereto to submit proposed plans of congressional redistricting and

legislative reapportionment for the Court's consideration, and that the Court will order an

appropriate plan in effect in time for the 2011 elections.

7.    The Court order defendants to pay to plaintiffs their reasonable attorneys fees and

expenses, expert fees, costs and other expenses incurred in prosecuting this action.

8.    For such other and future relief as is just in the circumstances.

RAYMOND J. KLOTZ, JR.
EDWARD FLEISCHER
GERALD BURCH, JR.

By Counsel

13

R. Craig Evans, Esquire (VSB No.: 20560)
McCAUL, MARTIN, EVANS & COOK, P.C.
8122 Mechanicsville Pike
Post Office Box 279
Mechanicsville, VA 23111
Telephone (804) 746-3773
Telecopier (804) 730-8062

14